OPINION OF THE COURT
Lawrence E. Kahn, J.
Counsel seeks an order pursuant to the provisions of CPLR 2308 (subd [b]) compelling respondent to comply with a subpoena issued May 26, 1982. Said subpoena required an appearance to give testimony and produce documentary evidence, with respect to an investigation pursuant to article 3 of the Agriculture and Markets Law, to determine if a violation of section 90-c of said law had occurred. The investigation relates specifically to the alleged acquisition and/or disposition of large quantities of cattle from September 1, 1980 through the date of the issuance of the subpoena, which cattle may have been boarded at premises owned by the corporation in the State of New York.
At issue herein is the authority of the commissioner to compel production, identification and testimony with re *981 spect to records and documents of cattle transactions by respondent, which allegedly occurred outside the territorial boundaries of the State of New York. Respondent contends that it is ready, willing and able to produce the required documents, identify same and testify with respect to any transactions within the State of New York, but has adamantly refused to so comply with any request with respect to transactions which purportedly have taken place in the State of New Hampshire. It is apparent that respondent is duly licensed to purchase, sell and deal in cattle at wholesale in New Hampshire. It is further apparent that respondent’s license to so operate in the State of New York has been revoked, and that said revocation has been sustained on appeal.
The motion shall be granted. While the petitioner may not conduct “inquisitions” with respect to respondent’s business affairs beyond the borders of this State, nevertheless, it has the power and authority to conduct investigations when there is reasonable cause to believe that a violation of the Agriculture and Markets Law has been committed in this State. With respect thereto, the papers before the court establish that quantities of cattle which have been maintained at respondent’s New York property were not accounted for. Further, it is acknowledged that respondent is engaged in the wholesale cattle business in the State of New Hampshire, and is specifically prohibited from such activity in this State (Matter of Mendel & Son v New York State Dept. of Agric. & Markets, 90 AD2d 567). It further appears that respondent has a documented history of transferring cattle between States. See Mendel (supra, p 568), wherein the court found that “[ejvidence was also introduced to show that although the cattle purchased in these transactions were originally charted to * * * Massachusetts, some of the cattle were charted back to petitioner in New York.” Given the aforesaid basis for the commissioner’s investigation, this court is unable to conclude that the investigation merely involves harassment of respondent, or that there is no reasonable basis upon which to continue same.
The motion for an order compelling compliance with a subpoena dated May 26, 1982, specifically requiring re *982 spondent to produce, identify and testify concerning records and documents of cattle transactions which allegedly occurred outside the territorial boundaries of the State of New York, shall be granted.